DOLORES VÁZQUEZ, ETC., Plaintiff and Appellee, *v.* DR. J. R. LAUGIER, Defendant and Appellant.

No. 8461. Argued December 8, 1941.—Decided December 10, 1941.

*C. Iriarte, F. Fernández Cuyar* and *H. González Blanes* for appellant.
*V. Brunet* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

█ A determination of the motion to dismiss filed in this case involves the proper construction of Rule 59 of this court, which literally transcribed reads as follows:

"After the expiration of ninety days from the time of the notice of the appeal, and even if any extension of time has been allowed by the court below, any case not previously filed in this Court may, in the discretion of the Court, be dismissed on motion if it be shown satisfactorily that the appellant has not prosecuted his appeal with due diligence or in good faith, or that the appeal is a frivolous one."

There is no doubt, therefore, that said rule confers on the court discretionary power to dismiss, on motion, an appeal after the expiration of ninety days, counted from the filing of the notice of appeal, despite any extensions granted by the trial court for the purpose of perfecting the same. Such power, however, can only be exercised thereunder in three cases, to wit: if it be shown satisfactorily that the ap-

pellant has not prosecuted his appeal (1) with due diligence, (2) or in good faith, (3) or that the appeal is a frivolous one.

Here it has not even been alleged that the appeal is frivolous or that the appellant has prosecuted the same in bad faith, the appellee confining herself in her motion to the statement "that the defendant has not prosecuted his appeal with due diligence," after saying that the appeal had been taken on May 28, 1941, that is, about 170 days before the filing of the motion—November 17 last.

The appellee doubtless showed thereby a *prima facie* case in her favor, inasmuch as the rule of the court rests on the fact that ninety days is sufficient for perfecting in ordinary circumstances an appeal in the lower court and sending up the record to this court.

That made it incumbent upon the appellant to explain his conduct, which he did, in our judgment, satisfactorily, and the appellee's *prima facie* case has been, therefore, overcome. He produced two certificates. One from the clerk of the trial court concerning the filing of the appeal and the extensions granted for filing the transcript of the evidence, and another, lengthy and detailed, from the stenographer, stating that ever since May 21, 1941, his fees had been assessed and paid by the appellant, and explaining that the failure to finish the transcript was due to a chain of circumstances, which were set forth, among them the pendency of official work entitled to priority, and that he applied on November 24, 1941, for one last extension for filing the transcript.

That being so, and as it has not been either alleged or proved that the appeal is frivolous or that appellant has shown bad faith, and as the appellant has shown that he has been prosecuting his appeal diligently, the motion to dismiss will be denied, without prejudice to appellee's filing a second motion if appellant fails to further prosecute his appeal with due diligence.